UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORINE RIDLEY,                                :
     Plaintiff,                             :
                                            :
v.                                           :          3:11 CV 1713 WWE
                                            :
NATIONAL UNION FIRE INSURANCE                :
COMPANY OF PITTSBURGH, PA                    :
     Defendant                              :

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

In this action, plaintiff Lorine Ridley seeks permanent total disability benefits in the form of a lump sum payment of $250,000 pursuant to a blanket accident insurance policy issued by defendant National Union Fire Insurance Company of Pittsburgh ("National Union").  Defendant has filed a motion to dismiss for failure to state a claim upon which relief can be granted.

For the following reasons defendant's motion will be denied.

## BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff was a passenger in a motor vehicle traveling in a northerly direction on Coventry Street in Hartford, Connecticut, when the vehicle she was riding in was struck by another vehicle fleeing pursuit by the Hartford Police.  Plaintiff sustained severe injuries and seeks payment of a $250,000 lump sum disability benefit under the her National Union policy.  Plaintiff has brought suit against National Union, asserting claims for breach of contract (First Count), breach of the implied covenant of good faith (Second Count), violation of the Connecticut Unfair Insurance Practices Act ("CUIPA") (Third Count), and violation of the Connecticut Unfair Trade Practices

1

Act ("CUTPA") (Fourth Count).  All four counts are premised on plaintiff's allegation that

National Union wrongfully denied payment of a $250,000 lump sum permanent total disability

benefit.  In support of her claims, plaintiff has alleged that the Connecticut Medical Examining

Board has determined that her injuries render her permanently disabled.  Plaintiff also alleges

that her condition "meets the definition of permanent total disability" under the policy.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support thereof."

Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.

1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as

true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73

(1984).  The complaint must contain the grounds upon which the claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant has filed a motion to dismiss for failure to state a claim upon which relief can

be granted.  Defendant argues that, "[a]lthough plaintiff has alleged condition/paragraph 2 of the

Rider [permanent inability to perform the material and substantial duties of an occupation for

which she is qualified], plaintiff has not alleged that she also satisfies condition/paragraph 1; i.e.,

blindness, paralysis and/or dismemberment."  (Internal citation omitted).  Defendant asserts that

plaintiff has not satisfied the express conditions of the policy and therefore is not entitled to the

2

disability benefit.

Defendant contends that plaintiff, to survive a motion to dismiss, must allege that she fits each sub-section of the definition of permanent total disability as laid out by the policy. This district has stated: "The insured in a coverage dispute has the burden of proof to show that the claims against him are within the express terms of the insurance policy," Allstate Ins. Co. v. Burnard, 2010 WL 1332002 (D. Conn. 2010). However, there, the Court was ruling on cross-motions for summary judgment. The same burden may not be used to measure the adequacy of a complaint for purposes of dismissal.

While a plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible, here, the claim that plaintiff meets the definition of total disability under the policy is plausible. Indeed, defendant concedes that plaintiff has alleged permanent inability to perform the material and substantial duties of an occupation for which she is qualified. Whether plaintiff has "failed to satisfy the clear and unambiguous terms of the Policy," as defendant contends, is a factual dispute, not to be decided by the Court on a motion to dismiss. Therefore, defendant's motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.

Dated this 7th day of September, 2012 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

3