UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORINE RIDLEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:11 CV 1713 WWE |
| | : | |
| NATIONAL UNION FIRE INSURANCE | : | |
| COMPANY OF PITTSBURGH, PA | : | |
|     Defendant | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this action, plaintiff Lorine Ridley seeks permanent total disability benefits in the form of a lump sum payment of $250,000 pursuant to a blanket accident insurance policy issued by defendant National Union Fire Insurance Company of Pittsburgh. Plaintiff also claims bad faith, violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Defendant has filed a motion for summary judgment as to all counts. For the following reasons, defendant's motion will be granted.

**BACKGROUND**

The parties have submitted statements of undisputed facts, exhibits and a joint stipulation. These materials reflect the following factual background.

Plaintiff was a passenger in a motor vehicle traveling north on Coventry Street in Hartford, Connecticut, when her car was struck by another vehicle fleeing pursuit by the Hartford Police. Plaintiff sustained severe injuries and seeks payment of a $250,000 lump sum disability benefit under the her National Union policy. Plaintiff has brought suit against National Union, asserting claims for breach of contract (First Count), breach of the implied covenant of good faith (Second Count), violation of CUIPA (Third Count), and violation of CUTPA (Fourth Count).

All four counts are premised on plaintiff's allegation that National Union wrongfully denied payment of a $250,000 lump sum permanent total disability benefit. In support of her claims, plaintiff has alleged that the Connecticut Medical Examining Board has determined that her injuries render her permanently disabled. Plaintiff also alleges that her condition "meets the definition of permanent total disability" under the policy.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**Breach of Contract (Count I)**

The parties have stipulated that the following policy language from the "Description of Coverage" is controlling:

> PERMANENT TOTAL DISABILITY BENEFIT. If, as a result of an injury, the Insured Person is rendered Permanently Totally Disabled within 9 days of the accident that caused the injury, the Company will pay 100% of the Maximum Amount at the end of 12 consecutive months of such Permanent Total Disability. This benefit is available up to age 70 only.
>
> Permanently Totally Disabled/Permanent Total Disability- as used in this Description of Coverage, means:
>
> 1. That the Insured Person has suffered a Permanent Total Loss of Use of:
>    a. both hands or feet; or
>    b. one hand and one foot; or
>    c. sight in both eyes; or
>    d. hearing in both ears; or
>    e. the ability to speak;
>
> 2. the Insured Person is permanently unable to perform the material and substantial duties of any occupation for which he or she is qualified by reason of education, experience or training; and
>
> 3. the Insured Person is under the continuous care of a Physician unless the Insured Person has reached his or her maximum point of recovery.

The parties have further stipulated that while plaintiff does not satisfy element one of the policy's definition, she meets the requirement of section two because she is permanently disabled from performing the duties of her job classification.

Defendant's position is that plaintiff is required to satisfy all three policy definition elements in order to be eligible for benefits. Plaintiff's position is that a fair reading of the policy language does not require proof of all three elements but rather requires satisfaction of either

element one *or* element two and, unless maximum improvement has been reached, the injured party must be under the continuous care of a physician.

Black's Law Dictionary provides that "in relation to statutory interpretation, judicial usage sanctions the application of the word 'ambiguity' to describe any kind of doubtful meaning of words, phrases or longer statutory provisions. . . . [I]f in a particular context, words convey to different judges a different range of meanings derived from, not fanciful speculations or mistakes about linguistic usage, but from true knowledge about the use of words, they are ambiguous." Black's Law Dictionary 88 (8th ed. 2004) (quoting Rupert Cross, Statutory Interpretation 76-77 (1976)). "As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading." Metropolitan Life Ins. Co. v. Aetna Cas. And Sur. Co., 255 Conn. 295, 305 (2001).

The Court finds that the policy language at issue unambiguously requires the insured to meet the requirements of all three paragraphs under 'permanent total disability' to be eligible for coverage. See Nichols v. National Fire Ins. Co. Of Pittsburgh, PA, 509 F. Supp. 2d 752, 757-58 (W.D. Wis. 2007). ("It is common practice to omit conjunctive and disjunctive connectors ('and' and 'or') between all items in a series except the last two."). As plaintiff's injury does not meed the standard for permanent total disability as defined by the policy, defendant has no obligation to pay the permanent total disability maximum of $250,000. Accordingly, summary judgment will be granted to defendant as to plaintiff's breach of contract claim.

**Bad Faith, CUIPA, and CUTPA (Counts II-IV)**

"Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not

prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Capstone Bldg. Corp. v. American Motorists Ins. Co., 308 Conn. 760, 795 (2013).

Plaintiff argues that there is a genuine issue of fact as to the circumstances relating to the sale of her policy and the extent to which she was misled as to the extent of the coverage provided. Plaintiff contends that had she understood that she would be denied coverage even if she were adjudged by the State of Connecticut to be permanently disabled, she may well not have purchased the policy. As the record is silent as to the extent that this was explained to her, plaintiff argues that it is for the jury to decide whether any such explanation, if any, was sufficiently negligent or absent so as to indicate a dishonest purpose or a design to mislead.

However, "[B]ecause the covenant of good faith and fair dealing only requir[es] that neither party [to a contract] do anything that will injure the right of the other to receive the benefits of the agreement, it is not implicated by conduct that does not impair contractual rights." Id. Indeed, "[a] bad faith cause of action not tied to duties under the insurance policy must therefore fail as a matter of law." Id. at 797. Plaintiff has not alleged violation of an express duty separate from her breach of contract claim.

Plaintiff's CUIPA and CUTPA claims are similarly based upon defendant's failure to pay to plaintiff the permanent total disability benefit under the policy. Plaintiff simply adds to those counts the allegation that such conduct on the part of defendant indicates a general business practice so as to put the conduct within the purview of CUIPA and CUTPA. As discussed above, the Court finds that defendant did not breach the insurance policy contract. Accordingly, summary judgment will be granted for defendant as to plaintiff's bad faith, CUIPA and CUTPA claims.

## **CONCLUSION**

For the foregoing reasons, [Doc. # 37] defendant's motion for summary judgment is GRANTED.  The clerk is instructed to close this case.

Dated this 22nd day of July, 2014, at Bridgeport, Connecticut.


                                    /s/Warren W. Eginton
                                WARREN W. EGINTON
                                SENIOR UNITED STATES DISTRICT JUDGE